UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH A. PERKINS,<br>on behalf of herself and all others<br>similarly situated,<br>                  Plaintiff<br><br>v.<br><br>OFFICE OF THE WORCESTER COUNTY<br>SHERIFF,<br>GUY W. GLODIS, individually and in his<br>official capacity as Sheriff of Worcester<br>County,<br>FORSYTH LAW OFFICES, P.C., and<br>CARL A. BRUGNOLI, III<br><br>                  Defendants | Civil Action No. |

## COMPLAINT AND REQUEST FOR JURY TRIAL

In this action, plaintiff contends that defendants violated her rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1601 *et seq.,* the Massachusetts Consumer Protection Act, G.L. c. 93A, and 42 U.S.C. §1983 in connection with the seizure and auction of her car. Plaintiff's claims are brought on behalf of herself and other Massachusetts consumers who have been similarly harmed by the same unlawful conduct.

### Parties

1. Plaintiff Judith A. Perkins is an individual who at all relevant times has resided in Fitchburg, Worcester County, Massachusetts.

2. Defendant Worcester County Sheriff's Office ("WCSO") is an independent agency of the Commonwealth of Massachusetts. With respect to the allegations herein, WCSO acted as a "debt collector" within the meaning of 15 U.S.C. §1692a and 209 CMR 18.02 because it prepared and served false and misleading documents on consumers, and demanded and collected fees to which it was not entitled.

3. At relevant times Guy W. Glodis ("Glodis") has been the duly appointed Sheriff of Worcester County and the principal officer and administrator for WCSO. He is sued individually and in his official capacity.

4. Defendant Forsyth Law Offices, P.C. ("Forsyth") is, on information and belief, a Massachusetts professional corporation and law firm engaged in the practice of consumer debt collection. At all relevant times Forsyth was a "debt collector" within the meaning of 15 U.S.C. §1692a because it regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another.

5. Defendant Carl A. Brugnoli III ("Brugnoli") is a licensed Massachusetts attorney who at relevant times has been a principal shareholder, principal officer, and/or employee of Forsyth. At all relevant times Brugnoli was a "debt collector" within the meaning of 15 U.S.C. §1692a because he regularly collects or attempts to collect, directly, or indirectly, debts owed or due or asserted to be owed or due another.

### Jurisdiction and Venue

6. Plaintiff's federal claims arise under 15 U.S.C. §1692 *et seq.* and 42 U.S.C. 1983, and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

8. Plaintiff alleges on information and belief that at all relevant times Brugnoli has been the sole shareholder of Forsyth, the sole officer of Forsyth, and the sole attorney employed by or otherwise affiliated with Forsyth. Plaintiff further alleges that with respect to all allegations of this complaint, Forsyth has acted only through Brugnoli, and that Forsyth and Brugnoli have been the alter egos of the other. Accordingly, throughout this complaint Forsyth and Brugnoli are referred to both individually and collectively as "Forsyth/Brugnoli."

9. In or about September, 2009, Forsyth/Brugnoli hired WCSO to seize plaintiff's car pursuant to an execution issued against plaintiff by the Lowell District Court in favor of their client, Norfolk Financial Corporation ("Norfolk").

10. The execution resulted from a judgment obtained by Norfolk on a consumer debt, i.e., one obtained primarily for personal, family, or household purposes.

11. The amount of the execution was approximately $1,000.

12. On or about October 16, 2009, person or persons acting at the direction or under the authority of WCSO arrived at plaintiff's residence and began to remove her car from the driveway. Plaintiff observed this and immediately called Forsyth/Brugnoli's office. Plaintiff was told by Forsyth/Brugnoli or their representative that she could only keep the car by paying $1,600 immediately.

13. The additional $600 which Forsyth/Brugnoli included in the demand for payment represented WCSO's fee for levying on the execution. Forsyth/Brugnoli hired WCSO to seize plaintiff's vehicle knowing that this would be the amount of WCSO's fee and

3

pursuant to an agreement, understanding, or common plan with WCSO that if contacted by plaintiff Forsyth/Brugnoli would attempt to collect said fee from plaintiff.

14. Plaintiff informed Forsyth/Brugnoli that she did not have $1,600.  Plaintiff's car was then taken from her driveway and transported from the premises.

15. Prior to leaving the premises, the WCSO employee or agent gave plaintiff a one-page document stating in large, bold-faced print "Your Vehicle Has Been Seized," and indicating the total amount due as $1,627.43, which included WCSO's fee of $600.

16. On information and belief, WCSO subsequently sold plaintiff's car at auction for the sum of $1,000.

17. WCSO retained $500 from the auction proceeds as a fee and paid the additional $500 from the auction proceeds to a third party for towing and storage charges related to the seizure of plaintiff's car.  WCSO did not pay any monies over to Norfolk or Forsyth/Brugnoli.

18. Glodis was personally involved in formulating, implementing, and/or ratifying the aforesaid acts and practices of WCSO.

19. Forsyth/Brugnoli sent plaintiff letters dated November 24, 2009, January 25, 2010, and July 22, 2010.  Each letter stated that the full amount of the judgment (plus accrued interest) remained due and owing to Norfolk, no credit having been given for any of the proceeds realized from the auction of plaintiff's car.

**Unlawful assessment of seizure fee**

### COUNT I

20. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

21. The balance stated in the notice which WCSO gave to plaintiff at the time of seizure included a $600 fee for its services.  Plaintiff had no liability to WCSO for any fee related to the seizure of her car since no such fee had been approved or authorized by the court.  Alternatively, plaintiff alleges that if any such liability existed, it was limited to $10.00 pursuant to G.L. c. 262, §8(a)(8).

22. WCSO falsely represented the amount of the debt, in violation of section 1692e(2)(A) of the FDCPA.

## COUNT II

23. The allegations of paragraphs 1 – 22 are incorporated herein as if fully set forth.

24. WCSO falsely represented the compensation which could lawfully be received for services rendered, in violation of section 1692e(2)(B) of the FDCPA.

## COUNT III

25. The allegations of paragraphs 1 – 24 are incorporated herein as if fully set forth.

26. Forsyth/Brugnoli acted in concert and conspired with WCSO to unlawfully charge plaintiff for the cost of seizing vehicles on execution.  The parties had an agreement, understanding, and/or common plan whereby WCSO would seize vehicles for Forsyth/Brugnoli with no up-front fee and would charge an unlawful fee to the consumer, and Forsyth/Brugnoli would hire WCSO to seize vehicles and attempt to collect WCSO's unlawful fee from the consumer.  Accordingly, Forsyth/Brugnoli are jointly and severally liable for the violations set forth in counts I and II, above.

## COUNT IV

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

29. Defendants' conduct violated G.L. c. 93A, section 2, because it was unfair and/or deceptive, because it violated the FDCPA as aforesaid, and because it violated applicable regulations promulgated by the Massachusetts Commissioner of Banks. Regulations violated by WCSO and Glodis include 209 CMR 18.16(2)(A), 209 CMR 18.16(2)(b), 209 CMR 18.16(10), and 209 CMR 18.17(1). Regulations violated by Forsyth/Brugnoli include 940 CMR 7.07(2). In addition, Forsyth/Brugnoli collected and attempted to collect the alleged debt in an unfair, deceptive, or unreasonable manner in violation of G.L. c. 93, §49, thus violating G.L. c. 93A, §2.

30. Plaintiff was injured within the scope of G.L. c. 93A, section 9, by being charged a fee for which she was not responsible.

31. Plaintiff sent defendants demands for relief under G.L. c. 93A, section 9, via certified mail, return receipt requested, which demands were duly received by defendants. Said demands reasonably described the acts and practices complained of and injury suffered.

32. Defendants received plaintiff's demands but did not make reasonable written tenders of settlement within 30 days of receipt.

## Class Allegations

33. Plaintiff brings counts I –IV of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class A" are all Massachusetts residents who, within 4 years of the filing of this action, were given or sent a written notice by WCSO in connection with its seizure of a motor vehicle pursuant to an execution issued on a judgment on an alleged consumer debt, which notice included a seizure fee which had not

been approved in full or in part by the court as the consumer's obligation. "Sub-class A-1" consists of members of Class A to whom WCSO gave or sent such notice within one year of the filing of this action. "Sub-class A-2" consists of members of Class A whose vehicles were seized by WCSO on behalf of Forsyth/Brugnoli. "Sub-Class A-3" consists of members of Sub-class A-2 whose vehicles were seized by WCSO within one year of the filing of this action. Excluded from the class and sub-classes are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges on information and belief that during the class periods WCSO violated the rights of hundreds, if not thousands, of Massachusetts residents, and therefore the class is sufficiently numerous such that joinder is impracticable.

34. There are issues of law and fact common to the class and sub-classes, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA and G.L. c. 93A as alleged, and whether Glodis and Forsyth/Brugnoli are jointly and severally liable with WCSO for the foregoing violations of law.

35. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. In addition, plaintiff and class members seek, and are entitled to, similar relief.

36 Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of this case.

37. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) award plaintiff and class members statutory damages under the FDCPA, against defendants jointly and severally;

(v) award plaintiff and class members statutory damages under G.L. c. 93A against defendants, jointly and severally;

(vi) award interest, costs and attorney's fees;

(vii) award such further relief as shall be just and proper.

## Unlawful collection of seizure fee

### COUNT V

38. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

39. WCSO collected amounts from the auction of plaintiff's car which were not expressly permitted by the agreement creating the debt (any such agreement having been merged in the judgment) or Massachusetts law, in violation of section 1692f(1) of the

FDCPA.  Plaintiff had no liability to WCSO for any fee related to the seizure of her car since no such fee had been approved or authorized by the court.  Alternatively, plaintiff alleges that if any such liability existed, it was limited to $10.00 by statute.

40.  WCSO's actions caused financial harm to plaintiff by depriving her of money due her and/or due to Norfolk.

## COUNT VI

41.  The allegations of paragraphs 1 – 19 and 39 - 40 are incorporated herein as if fully set forth.

42.  Forsyth/Brugnoli acted in concert and conspired with WCSO to unlawfully charge plaintiff for the cost of seizing vehicles on execution.  The parties had an agreement, understanding, and/or common plan whereby WCSO would seize vehicles for Forsyth/Brugnoli with no up-front fee and would collect an unlawful fee from sale of the consumer's vehicle, and Forsyth/Brugnoli would hire WCSO to seize vehicles and attempt to collect WCSO's unlawful fee directly from the consumer.  Accordingly, Forsyth/Brugnoli are jointly and severally liable for the violations set forth in count V, above.

## COUNT VII

43.  The allegations of paragraphs 1 – 19 and 39 - 40 are incorporated herein as if fully set forth.

44.  WCSO acted under color of state law in connection with the seizure of plaintiff's car, and through its retention of an unlawful fee from the sale of plaintiff's vehicle deprived plaintiff of property without due process of law in violation of 42 U.S.C. §1983.

45. As a result of WCSO's conduct, plaintiff suffered deprivation of her civil rights and financial loss.

## COUNT VIII

46. The allegations of paragraphs 1 – 19 and 44 - 45 are incorporated herein as if fully set forth.

47. Forsyth/Brugnoli acted in concert with WCSO, and pursued a common plan and symbiotic relationship with WCSO, whereby WCSO would seize vehicles for Forsyth/Brugnoli with no up-front fee and would collect an unlawful fee from sale of the vehicles, and Forsyth/Brugnoli would hire WCSO to seize vehicles and would attempt to collect WCSO's unlawful fee directly from the consumer.

48. Forsyth/Brugnoli acted under color of state law in connection with the seizure of plaintiff's vehicle and through their actions deprived plaintiff of property without due process of law in violation of 42 U.S.C. §1983.

## COUNT IX

49. The allegations of paragraphs 1 – 19 and 39 – 48 are incorporated herein as if fully set forth.

50. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

51. Defendants' conduct violated G.L. c. 93A, section 2, because it was unfair and/or deceptive, because it violated the FDCPA as aforesaid, because it violated 42 U.S.C. §1983, and because it violated applicable regulations promulgated by the Massachusetts Commissioner of Banks. Regulations violated by WCSO and Glodis include 209 CMR 18.16(2)(A), 209 CMR 18.16(2)(b), 209 CMR 18.16(10), and 209 CMR 18.17(1).

Regulations violated by Forsyth/Brugnoli include 940 CMR 7.07(2). In addition, Forsyth/Brugnoli collected and attempted to collect the alleged debt in an unfair, deceptive, or unreasonable manner in violation of G.L. c. 93, §49, thus violating G.L. c. 93A, §2.

52. The unlawful conduct of each defendant as set forth herein was willful and knowing.

53. Plaintiff was injured within the scope of G.L. c. 93A, section 9, by being subjected to unlawful collection activity and by being unlawfully deprived of monies due her and/or due Norfolk.

54. Plaintiff sent defendants demands for relief under G.L. c. 93A, section 9, via certified mail, return receipt requested, which demands reasonably described the acts and practices complained of and injuries suffered.

55. Defendants received plaintiff's demands but did not make reasonable written tenders of settlement within 30 days of receipt.

56. Defendants' refusals to make reasonable and timely written tenders of settlement were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A.

## Class Allegations

57. Plaintiff brings counts V - IX of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class B" are all Massachusetts residents who, within 4 years of the filing of this action, had any funds retained by WCSO as a sheriff's fee from the sale of a motor vehicle seized pursuant to an execution issued on a judgment on an alleged consumer debt, which fee had not been approved in full or in part by the court as the consumer's obligation and/or exceeded the amount permitted under

Massachusetts law. "Sub-class B-1" consists of members of Class B who had funds retained within one year of the filing of this action. "Sub-class B-2" consists of members of Class B whose vehicles were seized as a result of an execution placed with WCSO by Forsyth/Brugnoli. "Sub-class B-3" consists of members of "Sub-class B-2" whose funds were retained within one year of the filing of this action. Excluded from the class and sub-classes are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges on information and belief that during the class periods defendants violated the rights of hundreds, if not thousands, of Massachusetts residents, and therefore the class is sufficiently numerous such that joinder is impracticable.

58. There are issues of law and fact common to the class and sub-classes, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA, section 1983, and G.L. c. 93A as alleged, and whether Glodis and/or Forsyth/Brugnoli may be held jointly and severally liable with WCSO for the foregoing violations of law.

59. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. In addition, plaintiff and class members seek, and are entitled to, similar relief.

60 Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff

nor counsel have any conflicts which would interfere with the successful prosecution of this case.

61. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

> WHEREFORE, plaintiff prays that this Honorable Court:
>
> (i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;
>
> (ii) appoint plaintiff as class representative and the undersigned as class counsel;
>
> (iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;
>
> (iv) award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;
>
> (v) award plaintiff and class members damages pursuant to 42 U.S.C. §1988;
>
> (vi) award plaintiff and class members actual or statutory damages under G.L. c. 93A, whichever is greater, against defendants, jointly and severally, and double or treble any actual damages awarded;
>
> (vii) award interest, costs and attorney's fees;
>
> (viii) award such further relief as shall be just and proper.

**Unlawful collection of towing and storage charges**

### COUNT X

62. The allegations of paragraphs 1 – 19 are incorporated herein as if fully set forth.

63.  WCSO's retention of towing and storage charges from proceeds of the sale of plaintiff's vehicle was not expressly authorized by the agreement creating the debt (any such agreement having been merged in the judgment) or by Massachusetts law, and therefore violated 11 U.S.C. 1692f(1).

64. As a result of said unlawful conduct, plaintiff suffered financial loss.

## COUNT XI

65. The allegations of paragraphs 1 – 19 and 63 are incorporated herein as if fully set forth.

66. Forsyth/Brugnoli acted in concert and conspired with WCSO to unlawfully deprive plaintiff of proceeds rightfully due her from the sale of her vehicle.  Said parties had an agreement, understanding, and/or common plan whereby WCSO would seize vehicles on behalf of Forsyth/Brugnoli with no up-front fee and, if the vehicles were sold, would pay towing and storage charges from the proceeds of sale rather than charge Forsyth/Brugnoli for same, and Forsyth/Brugnoli would hire WCSO to seize vehicles and would attempt to collect WCSO's unlawful fee from judgment debtors.

## COUNT XII

67. The allegations of paragraphs 1 – 19 and 63 are incorporated herein as if fully set forth.

68. WCSO acted under color of state law in connection with the seizure of plaintiff's car, and through its actions as set forth in paragraph 63, above, deprived plaintiff of property without due process of law in violation of 42 U.S.C. §1983.

## COUNT XIII

69. The allegations of paragraphs 1 – 19 and 63 - 68 are incorporated herein as if fully set forth.

70. Forsyth/Brugnoli acted in concert with WCSO, and pursued a common plan and symbiotic relationship with WCSO, whereby WCSO would seize vehicles for Forsyth/Brugnoli with no up-front fee and would pay towing and storage charges from the proceeds of sale rather than charge Forsyth/Brugnoli for same, and Forsyth/Brugnoli would hire WCSO to seize vehicles and would attempt to collect WCSO's unlawful fee directly from the consumer.

71. Forsyth/Brugnoli acted under color of state law in connection with the seizure of plaintiff's vehicle and through their actions deprived plaintiff of property without due process of law in violation of 42 U.S.C. §1983.

## COUNT XIV

72. The allegations of paragraphs 1 – 18 and 63 – 71 are incorporated herein as if fully set forth.

73. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, §1.

74. Defendants' conduct violated G.L. c. 93A, section 2, because it was unfair and/or deceptive, because it violated the FDCPA as aforesaid, because it violated section 1983 as aforesaid, and because it violated applicable regulations promulgated by the Massachusetts Commissioner of Banks.  Regulations violated by WCSO and Glodis include 209 CMR 18.16(2)(A), 209 CMR 18.16(2)(b), 209 CMR 18.16(10), and 209 CMR 18.17(1).  Regulations violated by Forsyth/Brugnoli include 940 CMR 7.07(2).  In

15

addition, Forsyth/Brugnoli collected and attempted to collect the alleged debt in an unfair, deceptive, or unreasonable manner in violation of G.L. c. 93, §49, thus violating G.L. c. 93A, §2.

75. The unlawful conduct of each defendant as set forth herein was willful and knowing.

76. Plaintiff was injured within the scope of G.L. c. 93A, section 9, as a result of the violations of her rights and by paying money for which she was not liable and which exceeded any lawful amount.

77. Plaintiff sent defendants demands for relief under G.L. c. 93A, section 9, via certified mail, return receipt requested, which demands reasonably described the acts and practices complained of and injuries suffered.

78. Defendants received plaintiff's demands but did not make reasonable written tenders of settlement within 30 days of receipt.

79. Defendants' refusals to make reasonable and timely written tenders of settlement were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A.

## Class Allegations

80. Plaintiff brings counts X – XIV of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class C" are all Massachusetts residents who, within 4 years of the filing of this action, had funds retained by WCSO as towing and/or storage charges from the sale of a motor vehicle seized pursuant to an execution issued on a judgment on an alleged consumer debt, which charges had not been approved in full or in part by the court as the consumer's obligation. "Sub-class C-1" consists of members of Class C who had funds retained within one year of the filing of this action.

"Sub-class C-2" consists of members of Class C whose vehicles were seized as a result of an execution placed with WCSO by Forsyth/Brugnoli. "Sub-class C-3" consists of members of "Sub-class B-2" who had funds retained by WCSO within one year of the filing of this action. Excluded from the class and sub-classes are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges on information and belief that during the class periods defendants violated the rights of hundreds, if not thousands, of Massachusetts residents, and therefore the class is sufficiently numerous such that joinder is impracticable.

81. There are issues of law and fact common to the class and sub-classes, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA, section 1983, and G.L. c. 93A as alleged, and whether Glodis and/or Forsyth/Brugnoli may be held joint and severally liable with WCSO for the foregoing violations of law.

82. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. In addition, plaintiff and class members seek, and are entitled to, similar relief.

83 Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

84. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

(v) award plaintiff and class members damages under 42 U.S.C. §1988;

(vi) award plaintiff and class members actual or statutory damages under G.L. c. 93A, whichever is greater, against defendants, jointly and severally, and double or treble any actual damages awarded;

(vii) award interest, costs and attorney's fees;

(viii) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

JUDITH A. PERKINS, plaintiff
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com